

# NUMBER 13-12-00027-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SAN JUANITA FLORES ALEMAN,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

This is an appeal from a denial of appellant San Juanita Flores Aleman's pre-trial motion to suppress evidence. By one issue, Aleman contends that the trial court erred in its ruling because she was coerced into signing a written consent for a warrantless search. We affirm.

# I. BACKGROUND[1]

On July 8 2011, Alton, Texas police received a tip[2] that approximately 1,000 pounds of marihuana were being stored at a residence on Honolulu Street. Without a warrant, Sergeant Jose F. Beltran and other officers descended upon the home. Sergeant Beltran knocked on the front and rear doors of the residence and eventually initiated contact with Aleman.

Sergeant Beltran testified that he told Aleman that he received a tip that marihuana was being stored in the home and sought her permission to enter and search it. Aleman responded by asking the officer to show her a search warrant. Sergeant Beltran replied that he did not possess one and that was the reason he asked for her permission to search the home. Sergeant Beltran testified that he told Aleman that it was her right to deny him access to home, but if she did, he would post an officer to the front and back of the residence while he left to obtain a search warrant. Aleman then told Sergeant Beltran that she needed a few minutes to speak with her boyfriend and shut the door. The officers waited. Aleman later returned and told Sergeant Beltran that she would sign the written consent to search, but stated that her boyfriend admitted to her that there was "something" in the house. When asked, Sergeant Beltran denied threatening or coercing Aleman into signing the consent. Sergeant Beltran did admit, however, that he told Aleman that if she was involved in the subject of his investigation, he would call Child Protective Services on her, but if she was not involved, he would "do

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] Alton Police Sergeant Jose F. Beltran testified that the tip came from a City of Mission police sergeant, who received the tip from a confidential informant.

everything [he] could to help her." After obtaining her consent, officers entered the property and conducted the search.

At the hearing, Aleman testified that Sergeant Beltran told her that if he did not let her enter the house, he would "take [her] kids away." Aleman further stated that approximately ten police cars surrounded her home, officers[3] had weapons drawn, and her children were scared and crying. Nonetheless, Aleman testified that she signed the consent to search form because she feared for her children and that she "had nothing to do with it."

Aleman was indicted for one count of possession of marihuana in the amount of 2,000 pounds or less, but more than fifty pounds, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West 2010). After the trial court overruled her pre-trial motion to suppress, Aleman pleaded nolo contendere to the charge. The trial court sentenced Aleman to ten years' imprisonment. It then suspended the sentence, in the interests of justice, and placed Aleman on community supervision for ten years. This appeal ensued.

## II. MOTION TO SUPPRESS

In her sole issue on appeal, Aleman asserts that the trial court erred in its denial of her suppression motion.

### A. Standard of Review

We review a trial court's decision to deny a motion to suppress by affording "almost total deference to a trial court's determination of the historical facts that the

---

[3] Our review of the record shows that out of the four officers present, only officer Elias Muñoz had his weapon drawn. Officer Muñoz testified that his weapon was drawn for safety purposes in the rear of the home.

record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006) (citing *Guzman v. State*, 955 S.W.2d 85, 89–90 (Tex. Crim. App. 1997) (en banc)). We should also afford the same amount of deference to the trial court's rulings on application of law to fact questions, or "mixed questions of law and fact" if the resolution of those ultimate questions turns to an evaluation of credibility and demeanor. *Id.* We may, however, conduct a *de novo* review where resolution of mixed questions of law and fact do not turn on the evaluation of credibility and demeanor. *Id.* Finally, when a trial court does not enter findings of fact in its ruling, we must view the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id.* (citing *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000) (en banc)).

## B.     Analysis

Aleman argues that the warrantless search by written consent was obtained through coercion by police and required that the seized evidence be suppressed.

"Consent to search is one of the well-established exceptions to the constitutional requirements of both a warrant and probable cause." *Reyes-Perez v. State*, 45 S.W.3d 312, 315 (Tex. App.—Corpus Christi 2001, pet. denied); *see Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). The Texas Constitution requires the State to prove consent to search was freely given by clear and convincing evidence. *See Carmouche*, 10 S.W.3d at 331; *Reyes-Perez*, 45 S.W3d at 315. To be valid, the consent to search must be positive,

4

unequivocal, and not the product of express or implied duress or coercion. *See Carmouche*, 10 S.W.3d at 331. When looking at the voluntariness of the consent, a trial court must look at the totality of the circumstances surrounding the statement of consent. *See Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).

In this case, the evidence supports a finding by clear and convincing evidence that the consent to search was given freely and voluntary. To support her position that her consent was not free or voluntary, Aleman argues that the number of police officers, automobiles, and threats by Sergeant Beltran to post officers at the residence while he obtained a search warrant is enough to show that her consent was given under duress and/or coercion. We disagree. The record shows that Sergeant Beltran informed Aleman of the purpose of the officers' visit and that when Aleman asked Sergeant Beltran for a warrant, he admitted that he did not possess one. Sergeant Beltran testified that he informed Aleman that it was her right to refuse consent, but she nonetheless gave permission freely, knowingly, and voluntarily to search the home. Furthermore, the evidence shows that only Officer Elias Muñoz had his weapon drawn for safety purposes, in the rear of the home, and nothing indicates that Aleman saw the officer's weapon, or felt influenced to sign the consent by virtue of the officer's drawn weapon. Finally, Aleman testified that she signed the consent freely and voluntarily because she "had nothing to do with it," and was worried about her children, who were upset.

We conclude that clear and convincing evidence supports a finding that Aleman signed the consent to search freely and voluntarily. Accordingly, the trial court did not err in its ruling. Aleman's sole issue is overruled.

## III.   CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
2nd day of August, 2012.